FILED
6/17/20 4:20 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | | |
|---|---|---|---|---|
| In re: | : | Case No.: | 18-24626-GLT | |
| | : | Chapter: | 13 | |
| Steven M. Zook | : | | | |
| | : | | | |
| | : | Date: 6/17/20 | | |
| *Debtor(s).* | : | Time: 9:00 AM | | |

## PROCEEDING MEMO

*MATTER:*   # 86 Motion for Status Conference Regarding Loss Mitigation
[Response due 6/1/20]

# 89 - Motion to Extend the Loss Mitigation Period
[Response due 5/26/20]

*APPEARANCES:*

Debtor:   Brent Lemon
Trustee:   Ronda J. Winnecour
Cenlar:   James Warmbrodt

*NOTES:*

Lemon: Nothing has progressed since the filing of the request for a status conference. We still have a denial related to their request of documentation of loss of employment. Debtor does not have any documentation of that. It is hard to prove a negative. He was out of work in November 2017. He was out of work and not eligible for unemployment compensation. He was not able to obtain it. Not exactly sure as to the factor that resulted with the job loss. Feels like we're moving the goal posts here. Mr. Warmbrodt was helpful before.

Court: Why wasn't Atty. Warmbrodt contacted after you filed the motion? If he was helpful, I expect the parties to try to resolve these issues among themselves. If it's simply a matter of proving a period of unemployment, there are ways to do so. Submission of the 2017 taxes, and perhaps an affidavit might suffice. The Court would also be willing to schedule an evidentiary hearing where Mr. Zook could testify on this specific issue.

Warmbrodt: I'm looking at the hardship letter that the Debtor submitted. It doesn't really address what the employment situation was in 2017.

Court: It sounds like there's a lack of clarity as to why the Debtor was unemployed, and an explanation needs to be provided for that. In addition, the parties need to confer informally. If there is no resolution, the Court may schedule a hearing for Mr. Zook to provide testimony regarding his period of unemployment and the lender can ask questions. That should be sufficient evidence to address any remaining issues.

*OUTCOME:*

1. The *Debtor's Motion for Status Conference* [Dkt. No. 86] is CONCLUDED. Within ten (10) days of this Order, counsel for the Debtor and Cenlar shall conduct a telephonic meet and confer to address any remaining impediments to the final submission of Debtor's LMP package for consideration by the underwriters. On or before July 1, 2020, the parties shall file a joint status report indicating whether they have resolved the outstanding information requests (including proof of the Debtor's period of unemployment in November 2017) to the satisfaction of each party. If the parties do not reach a resolution, they shall identify the remaining areas in dispute. Absent a resolution, the Court may schedule a brief evidentiary hearing by which Mr. Zook shall testify as to the circumstances of his unemployment in November 2017. [Text Order to issue].

2.  The *Debtor's Motion to Extend the Loss Mitigation Period* [Dkt. No. 89] is GRANTED.  The loss mitigation period is extended through August 31, 2020. [Text Order to issue].
**DATED:** 6/17/2020